```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


DARRYL BOOKER,                     :
                                   :
     Plaintiff                     :
                                   :   CIVIL NO. 1:CV-07-1960
     vs.                           :
                                   :   (Judge Caldwell)
UNITED STATES OF AMERICA,          :
                                   :
     Defendant                     :
```

*M E M O R A N D U M*

I.  *Introduction*

The pro se plaintiff, Darryl Booker, has filed a complaint against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, for alleged medical malpractice occurring from 1997 through 2006 while he was confined in several federal correctional institutions.

On or about September 26, 2006, Plaintiff had a heart attack while he was incarcerated at USP-Canaan, Waymart, Pennsylvania, leading a few days later to quadruple bypass surgery. He alleges that if prison medical personnel had properly diagnosed him based on the complaints he presented beginning in 1997 (among them, shortness of breath and chest pain), he would have been able to take better care of his heart and would not have suffered the heart attack.

The United States has filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), or in the alternative, a motion for summary judgment. In moving to dismiss, Defendant argues that Pennsylvania law controls this FTCA claim and that Booker has failed to comply with Pa. R. Civ. P. 1042.3(a)(1) by not filing a certificate of merit (COM). In an action putting at issue the conduct of a licensed professional, the COM in part affirms that another professional has supplied a written statement "that the care, skill or knowledge" at issue in the complaint "fell outside acceptable professional standards." In moving for summary judgment, Defendant argues that the record shows that no prison medical personnel were negligent.

We agree with Defendant that the complaint must be dismissed because Plaintiff has failed to comply with Rule 1042.3(a)(1).[1] However, we will grant Plaintiff thirty days to file a COM. If he fails to do so, we will dismiss the complaint. Thus, we need not address the summary judgment motion at this time.

---

[1] Alternatively, we could view Defendant's motion as challenging the jurisdiction of the court under Fed. R. Civ. P. 12(b)(1). *See CNA v. United States*, 535 F.3d 132, 140-41 (3d Cir. 2008).

II.   *Background*

Plaintiff filed his original complaint on October 25, 2007, and his amended complaint on November 26, 2007. The amended complaint alleges the medical care Plaintiff received at the federal prisons where he has been incarcerated since 1997 and the various complaints he allegedly made relevant to his heart condition. As also alleged in the amended complaint, Plaintiff was incarcerated at the following prisons for the periods indicated: (1) from 1997 to 2000 at FCI-Ray Brook, Ray Brook, New York; (2) from 2000 to 2001 at FMC-Rochester, Rochester, Minnesota; (3) from 2001 to 2002 at USP-Terra Haute, Terra Haute, Indiana; (4) from 2002 to 2005 at FCI-Butner, Butner, North Carolina; (5) from 2005 to 2006 at FCI-Allenwood, White Deer, Pennsylvania; and (6) during 2006 at USP-Canaan, Waymart, Pennsylvania.

As noted, Plaintiff alleges that the medical care he received at all these institutions contributed to his heart disease and the heart attack he eventually suffered on or about September 26, 2006, but we provide some detail on the allegations concerning his stay at FCI-Allenwood and USP-Canaan.

Plaintiff alleges that he received some treatment at FCI-Butner on March 21, 2003, and next alleges that over two years later he was transferred to FCI-Allenwood on May 4, 2005. (Am. Compl. ¶¶ 66-67). On that day, among other things, he complained

-3-

of shortness of breath that had been getting worse for the previous three months. A chest x-ray and EKG were ordered. Plaintiff was re-examined on June 22, 2005, but there was no report on the chest x-ray and no EKG had been performed, nor had Plaintiff received the proper "acute" care. (*Id.* ¶¶ 68-69).

In 2006, Plaintiff was transferred to USP-Canaan. In January 2006, an EKG was done showing "profound 'T-wave' changes reflecting ischemia in the heart muscle," (*id.* ¶ 71), and Plaintiff "showed 'angina' symptoms," (id.), but no emergency action was taken, although it was justified. (*Id.*). "On April 7, 2006 EKG showed inferior T-wave changes very serious, positive for ischemia." (*Id.* ¶ 72). On August 12, 2006, Plaintiff complained of right side chest pain, and the EKG showed "significant inferior T-wave changes," "more extensive ischemia involving other parts of the heart." (*Id.* ¶ 74). Plaintiff was given Motrin.

On September 25, 2006, Plaintiff complained of chest pain, stating that it had been occurring several times in the prior two weeks. An EKG dated September 24 (but undoubtedly taken on September 25) revealed "severe ischemia." The next day, September 26, Plaintiff complained of shortness of breath and chest-pain pressure. An EKG revealed a myocardial infarction, and Plaintiff was sent to a local hospital. On September 29, Plaintiff had quadruple bypass surgery. (*Id.* ¶ 76). On July 6, 2007,

Plaintiff was transferred to FMC-Lexington, Lexington, Kentucky, and his treatment there has been satisfactory. (*Id.* ¶ 78).

III. *Discussion*

In the FTCA, the United States waives its sovereign immunity for tortious acts of a government employee, agreeing to be liable "in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674. Under 28 U.S.C. § 1346(b)(1), district courts have exclusive jurisdiction to adjudicate FTCA claims arising from "the negligent or wrongful act or omission" of a federal employee "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Here, the United States invokes Pennsylvania law, and Plaintiff does not argue that the law of any other state should apply, so the court will apply Pennsylvania law.[2]

---

[2] The choice of Pennsylvania law would seem to be obvious, given that section 1346(b)(1) requires application of "the law of the place where the act or omission occurred," and Plaintiff's heart attack occurred more than two years after his transfer to federal prisons in Pennsylvania and immediately after alleged acts and omissions by prison personnel at USP-Canaan in Pennsylvania. However, Plaintiff has alleged that acts or omissions occurring in other states also caused his injury. In deciding on the "substantive" law to apply (meaning the law to apply to the merits of the claim), this first requires us to decide from among the five jurisdictions involved which one's choice-of-law rules to apply.
(continued...)

In pertinent part, Pa. R. Civ. P. 1042.3(a)(1) requires that "i]n any action based upon an allegation that a licensed professional deviated from an acceptable professional standard," a party's attorney, or a party proceeding pro se, must file with his complaint, or within sixty days after the complaint is filed, a certificate of merit (COM), signed by the attorney or the party. The COM must affirm that "an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm . . . ." Alternatively, under subsection (a)(3), the certificate may assert that "expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim." Under subsection 1042.3(d), a party can obtain an extension of time to

---

[2](...continued)
*Simon v. United States*, 341 F.3d 193, 202 (3d Cir. 2003). In making that determination, we apply the choice-of-law rules of the state "in which the last significant act or omission occurred." *Id.* at 204. Since Plaintiff's heart attack occurred more than two years after his transfer to federal prisons in Pennsylvania and immediately after alleged acts and omissions by prison personnel at USP-Canaan in Pennsylvania, we conclude the last significant act or omission occurred in Pennsylvania. That means we apply Pennsylvania's choice-of-law rules. In applying those rules, *see Hammersmith v. TIG Ins. Co.*, 480 F.3d 220, 230 (3d Cir. 2007),  16, we decide, after canvassing the law of the jurisdictions involved, that there is no "actual" conflict between their laws, and so we will apply Pennsylvania substantive law.

file the COM "upon good cause shown." In pertinent part, if a party fails to file the certificate, or has no extension motion pending, the prothonotary shall file a judgment of non pros upon praecipe of the defendant. Pa. R. Civ. P. 1042.7(a)(renumbered from Rule 1042.6).

The COM requirement is set forth in a procedural rule, but federal courts exercising diversity and supplemental jurisdiction have considered it substantive law that must be applied to claims under Pennsylvania law presented in federal court. *See Iwanejko v. Cohen & Grigsby, P.C.*, 249 Fed. Appx. 938, 943-44 (3d Cir. 2007)(nonprecedential)(supplemental jurisdiction); *Henderson v. Pollack*, No. 07-1365, 2008 WL 282372, at *4 (M.D. Pa. Jan. 31, 2008)(Caldwell, J.)(supplemental jurisdiction); *Perez v. Griffin*, No. 06-1468, 2008 WL 2383072, at *1 (M.D. Pa. June 9, 2008)(diversity jurisdiction), *aff'd*, 2008 WL 5351829 (3d Cir. Dec. 23, 2008)(per curiam)(nonprecedential); *Holbrook v. Woodham*, No. 05-304, 2007 WL 2071618, at *3 (W.D. Pa. July 13, 2007) (diversity jurisdiction)(collecting cases). The certificate requirement should also apply in an FTCA case since the United States has waived its sovereign immunity only to the extent "a private individual under like circumstances" would be liable. 28 U.S.C. § 2674. Thus, we will do so here. We note that Rule 1042.3(a) has been applied in other FTCA cases controlled by

Pennsylvania law. *See Santee v. United States*, No. 07-2207, 2008 WL 4426060, at *3 (M.D. Pa. Sept. 30, 2008); *Lopez v. Brady*, No. 07-1126, 2008 WL 4415585, at *14 (M.D. Pa. Sept. 25, 2008); *Boyd v. United States*, No. 05-2033, 2006 WL 2828843, at *5-6 (M.D. Pa. Sept. 29, 2006).

As noted, Plaintiff failed to file a COM, either with his complaint or within sixty days thereafter. In state court, this results in the entry of a judgment of non pros; in federal court, dismissal of the complaint without prejudice. *See Henderson*, *supra*, 2008 WL 282372, at *4.

In arguing against this result, Plaintiff asserts that he did not have to file a COM for three reasons. First, the case does not involve a medical judgment. In his brief, he maintains that the Federal Bureau of Prisons established certain procedures for medical personnel to automatically follow when a inmate presents with certain symptoms, but that they were often not followed for him. Hence, in Plaintiff's view, this case simply requires the fact finder to compare what prison personnel did for him against what the stated procedures required. (Doc. 33. Pl.'s Opp'n Br. at 5).

We disagree. Even assuming that Pennsylvania provides a cause of action for breach of specified medical procedures, these procedures would still represent professional standards that

-8-

Plaintiff alleges were breached. As such, Rule 1042.3(a)(1) still applies, as it requires a COM "[i]n any action based upon an allegation that a licensed professional deviated from an acceptable professional standard."

Second, Plaintiff argues that the case does not require expert testimony because he "complained of chest pain and presented symptoms," that even a layperson could see required different treatment than what he received. (Doc. 33. Pl.'s Opp'n Br. at 5). We disagree. Initially, we note that a COM was still required under section 1042.3(a)(3), to at least certify that "expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim." In any event, expert testimony is necessary for Plaintiff to pursue his claim. The issues are simply too complex for a layperson to decide what medical treatment was proper for Plaintiff's complaints. *See Grossman v. Barke*, 868 A.2d 561, 566-67 (Pa. Super. 2005).

Third, Plaintiff argues that the rule does not apply because most of the negligence was alleged to have occurred before the rule took effect on January 27, 2003. We reject this argument. *See Iwanejko*, *supra*, 249 Fed. Appx. at 944 ("We reject Iwanejko contention[ ] . . . that Rule 1042.3 cannot be retroactively applied to claims which accrued prior to its enactment")(citing

-9-

*Warren v. Folk*, 886 A.2d 305, 309 n.1 (Pa. Super. 2005)); *Boyd*, *supra*, 2006 WL 2828843, at *6 (M.D. Pa.).

Plaintiff also requests that we extend the time for the filing of a COM. Such a request is timely under Rule 1042.3(d), which, as amended on June 16, 2008, authorizes "upon good cause shown" an extension of time for filing the COM "for a period not to exceed sixty days" when the request is made by a motion for extension filed not more than thirty days after the defendant files its notice of intention to obtain a judgment of non pros. In the context of federal motion practice, this makes the request timely when it was made as part of Plaintiff's opposition to Defendant's motion to dismiss.[3]

We further believe that good cause is shown by Plaintiff's assertion that he did not believe that a COM was necessary because the case involved the failure of prison personnel to comply with specified Bureau of Prison protocols, and not the assessment of professional judgment. We note that new Rule 1042.6(c), effective June 16, 2008, authorizes a plaintiff to "file a motion seeking a determination by the court as to the necessity of filing a certificate of merit" after a defendant has sought a judgment of non pros, and that the Rule also provides

---

[3] A separate motion is the better practice, but Plaintiff is pro se.

-10-

that the "filing of the motion tolls the time period within which a certificate of merit must be filed until the court rules upon [plaintiff's] motion."

Accordingly, we will grant Plaintiff an extension of time to file a COM. We remind him of the requirements that any certificate must affirm that a "licensed professional" (not just a "competent professional") has submitted "a written statement" (not just has expressed an opinion) concerning the care at issue. We will grant Plaintiff thirty days in which to submit the COM or his amended complaint will be dismissed without prejudice.[4]

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: January 14, 2009

---

[4] Dismissal without prejudice would allow Plaintiff to file another action, but such a dismissal means that the current action will have no effect on the statute of limitations. Thus, any subsequent action may be time-barred if the Defendant asserts that defense. "A 'statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice,' as 'the original complaint is treated as if it never existed.'" *Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005)(quoting *Cardio-Medical Assocs. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 77 (3d Cir. 1983)).

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


DARRYL BOOKER,                  :
                                :
                                :
      Plaintiff                 :   CIVIL NO. 1:CV-07-1960
                                :
   vs.                          :   (Judge Caldwell)
                                :
                                :
UNITED STATES OF AMERICA,       :

      Defendant
```

*O R D E R*

AND NOW, this 14th day of January, 2009, upon consideration of Defendant's motion (doc. 24) to dismiss, it is ordered that:

    1. Plaintiff is granted thirty (30) days from the date of this order to file a certificate of merit complying with Pa. R. Civ. P. 1042.3(a)(1).

    2. If Plaintiff fails to do so, this action will be dismissed without prejudice.


                                            /s/William W. Caldwell
                                            William W. Caldwell
                                            United States District Judge