IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


DARRYL BOOKER,                          :
                                        :
        Plaintiff                       :
                                        :    CIVIL NO. 1:CV-07-1960
        vs.                             :
                                        :    (Judge Caldwell)
UNITED STATES OF AMERICA,               :
                                        :
        Defendant                       :


*M E M O R A N D U M*

I.    *Introduction*

        The pro se plaintiff, Darryl Booker, a federal inmate,
filed this Federal Tort Claims Act case, (FTCA), 28 U.S.C. §§
1346(b), 2671-2680, presenting a medical-malpractice claim for
treatment of a heart condition. We ordered Plaintiff to comply
with Pa. R. Civ. P. 1042.3(a)(1) by filing a certificate of merit
(COM). We are considering his request that we accept a doctor's
letter as the COM or, alternatively, grant him an extension of
time to comply. We are also considering the objections of
defendant, the United States, to the proposed COM.


II.   *Discussion*

        In a memorandum of January 14, 2009, we decided that
Plaintiff had to comply with Rule 1042.3(a)(1). *Booker v. United*

*States*, No. 07-1960, 2009 WL 90129, at *3 (M.D. Pa. Jan. 14,

2009). We also decided that he had shown good cause for an

extension of time to file a COM based on his erroneous belief that

a COM was not necessary. *Id.* at *4. In the memorandum, we stated

the requirements of Rule 1042.3(a)(1), quoting from the Rule as

follows:

> In pertinent part, Pa. R. Civ. P.
> 1042.3(a)(1) requires that "i]n any action
> based upon an allegation that a licensed
> professional deviated from an acceptable
> professional standard," a party's attorney, or
> a party proceeding pro se, must file with his
> complaint, or within sixty days after the
> complaint is filed, a certificate of merit
> (COM), signed by the attorney or the party.
> The COM must affirm that "an appropriate
> licensed professional has supplied a written
> statement that there exists a reasonable
> probability that the care, skill or knowledge
> exercised or exhibited in the treatment,
> practice or work that is the subject of the
> complaint, fell outside acceptable
> professional standards and that such conduct
> was a cause in bringing about the harm . . .
> ."

*Id.* at *2.

In the January 14, 2009, order accompanying the

memorandum, we granted Plaintiff thirty days to file the COM. We

then granted him two extensions of time to do so. On March 24,

2009, Plaintiff filed as his COM a letter from a physician

addressed "to whom it may concern." In the letter, the doctor

states he has reviewed Plaintiff's medical file and finds it

-2-

"questionable" that medical personnel would characterize Plaintiff's complaints of chest pain as musculoskeletal pain. He also remarks that the record contains abnormal EKGs but no indication of appropriate followup. He concludes: "I therefore believe this case warrants a closer look. Please feel (sic) to contact me if you have any questions or concerns." (Doc. 48, CM/ECF p. 5).

This letter does not satisfy Rule 1042.3(a)(1). As noted above, a COM must affirm that "an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm." The physician does not so affirm, even in language that could have been accepted as substantively equivalent, concluding instead only that the case "warrants a closer look." *See Koppel v. Case*, 2 Pa. D. & C.5th 373, 386, 2007 WL 5160526 (Common Pleas 2007)(expert's statement that the defendant physician's "professional liability in the case could be argued" did not meet Rule 1042.3(a)(1)'s requirements).[1]

---

[1] As an aside, we also note that the COM must be signed by the
(continued...)

Plaintiff realizes this because in his "notice of filing of certificate of merit" he asks that this court accept the doctor's letter as a COM given Plaintiff's good faith in trying to obtain it and his pro se ignorance of the Rule's requirements. He also points to the doctor's willingness to discuss his case with any interested party, and contends that the doctor's assertion that the case "warrants a closer look" means that his claim has merit. Alternatively, Plaintiff asks for an opportunity to comply with the Rule, after appropriate instruction. Because the COM does not comply with Rule 1042.3(a)(1), Defendant has filed objections to it, and requests that the complaint be dismissed.[2]

Since Plaintiff seeks an extension of time to file a COM, we once again determine if he has shown good cause for an extension. *See* Pa. R. Civ. P. 1042(d). We do not believe he has as his stated reasons for an extension are insufficient. First, Plaintiff's pro se status is irrelevant to his obligation to comply with the Rule, *see Perez v. Griffin*, ___ Fed. Appx. ___, __ , 2008 WL 5351829, at * 2 (3d Cir. 2008)(per curiam) (nonprecedential) (citing *Hoover v. Davila*, 862 A.2d 591, 595-96

---

[1](...continued)
plaintiff or his attorney.

[2] Dismissal would be without prejudice, but as we noted in our previous memorandum, dismissal would create a limitations problem for Plaintiff. *Booker, supra,* 2009 WL 90129, at *4 n.4.

(Pa. Super. 2004)), and, contrary to his assertion, he knew about the Rule's requirements because we advised him of the requirements in our January 14, 2009, memorandum, as shown above. Second, the physician's willingness to answer questions and Plaintiff's good faith are irrelevant to his obligation to comply with the Rule. Third, the doctor's assertion that the case "warrants a closer look" is not the equivalent of opining that Plaintiff's claim has merit. We will therefore grant Defendant's motion to dismiss.[3]

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: March 30, 2009

---

[3] We note here that Plaintiff would seem to have had sufficient time to comply with the Rule. The Rule requires a COM to be filed no later than sixty days after the complaint is filed, and our January 14, 2009, order and two later extensions gave Plaintiff a total of seventy days to file it.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


DARRYL BOOKER,                    :
                                  :
                                  :
          Plaintiff               :     CIVIL NO. 1:CV-07-1960
                                  :
     vs.                          :     (Judge Caldwell)
                                  :
                                  :
UNITED STATES OF AMERICA,         :

          Defendant


*O R D E R*


          AND NOW, this 30th day of March, 2009, in accordance
with our order of January 14, 2009, it is ordered that:

          1.  Defendant's motion (doc. 24) to dismiss
     is granted.

          2. Plaintiff's complaint is dismissed
     without prejudice.

          3.  The Clerk of Court shall close this
     file.


                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge