IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARRYL BOOKER, :
:
    Plaintiff :
: CIVIL NO. 1:CV-07-1960
vs. :
: (Judge Caldwell)
UNITED STATES OF AMERICA, :
:
    Defendant :

*M E M O R A N D U M*

On March 30, 2009, this Court granted Defendant's Motion for Summary Judgment on Plaintiff's Federal Tort Claims Act case which presented a medical-malpractice claim. On May 30, 2009, Plaintiff filed a Notice of Appeal (NOA). On June 15, 2009, the Clerk of Court for the Third Circuit advised Booker that his case may be dismissed due to a jurisdictional defect, the untimely filing of his NOA. (*See Booker v. United States*, No. 09-2688 (3d Cir.). Presently before the Court is Booker's Motion for Extension of Time to File a Notice of Appeal. For the following reasons, the motion will be granted.

Under Fed. R. App. P. 4(a)(1)(B), the time for appeal from the judgment in an action in which the United States is a party is 60 days from the date of entry of the order being appealed. *See* Fed. R. App. P. 4(a)(1)(B). This time limit is

mandatory and jurisdictional, and district courts have only limited authority to extend it. *See Marcaingelo v. Boardwalk Regency*, 47 F.3d 88 (3d Cir. 1995). Rule 4 vests a district court with the limited ability to grant extensions of time for an appellant to file a notice of appeals only if two conditions are met: (1) the motion for extension of time is filed "no later than 30 days after the time prescribed by this Rule 4(a)[(1)(B)] expires," and (2) the appellant shows "excusable neglect or good cause." *See* Fed. R. A. P. 4(a)(5)(A).

In this situation, Booker states he "calculated 60 days as creating a due date of May 30, 2009." (Doc. 54 at ¶ 5). He deposited his Notice of Appeal (NOA) into the prison legal mail system on May 30, 2009, as reflected by his Certificate of Service, but it was not docketed by the Third Circuit until June 5, 2009, probably due to the intervening legal holiday. (*Id*.). Apparently Booker believes the Third Circuit considers his NOA untimely because of its docketing date, June 5, 2006. Booker is mistaken. Pursuant to Fed. R. App. P. 4(c), an appeal by an incarcerated inmate "is timely if it is deposited in the institution's internal mail system on or before the last day for filing." *See* Fed. R. App. 4(c)(1).

The real problem is that Booker's NOA was deposited in the prison's mail system on May 30, 2009, one day after the sixty-

-2-

day period lapsed. Thus, he cannot benefit from Fed. R. App. 4(c)(1). Booker, however, did file his Motion for Extension of Time to File his NOA with this Court before June 30, 2009, the end of the thirty-day period following the Rule 4(a) appeal period. Thus his motion is timely.

But this is not the end of our analysis. Next, we must determine whether he has shown good cause or excusable neglect for his untimely filing of his NOA with the Third Circuit by just one day.

The Supreme Court has held that the following four factors are relevant in determining whether a party's neglect is excusable: (1) the danger of prejudice; (2) the length and effect of the delay; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Serv., Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993). The Third Circuit has applied this test to motions filed under Fed. R. App. P. 4(a)(5). *In re Diet Drugs Products Liability Litigation*, 401 F.3d 143, 154 (3d Cir. 2005). Here, the first two factors favor Booker. The length of the delay is extremely short and there would be no adverse impact on the judicial proceedings if we allowed the appeal; there is no prejudice to the government as we would be merely allowing Booker a

one-day enlargement to proceed with his appeal.  Further, with respect to the fourth factor, there is no evidence of bad faith.

The only strike against Booker in our analysis is the reason for the delay, which was exclusively controlled by Booker, the incorrect calculation of the appeal date by one day.  However, no one factor is determinative, *see George Harms Const. Co. v. Chao,* 371 F.3d 156, 164 ("the 'control' factor does not necessarily trump all the other relevant factors"), and the absence of prejudice to the government and the judicial process weighs "strongly in favor" of allowing the appeal. (*Id.)* (quoted case omitted). "[T]he determination whether a party's neglect is 'excusable is essentially an equitable one, in which courts are to take into account all relevant circumstances surrounding a party's failure to file.'" (*Id*.)(internal citations and quotations omitted).

Looking at all the factors and the circumstances in this situation, the Court finds that Booker's neglect was excusable.  We will therefore grant the motion for extension of time to file a notice of appeal pursuant to Fed. R. App. 4(a)(5).  As Booker has already filed a notice of appeal, he is advised that he does not have to file another notice.  The original notice will be deemed timely filed.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: July 1, 2009

```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


DARRYL BOOKER,                    :
                                  :
     Plaintiff                    :
                                  :   CIVIL NO. 1:CV-07-1960
     vs.                          :
                                  :   (Judge Caldwell)
UNITED STATES OF AMERICA,         :
                                  :
     Defendant                    :
```

*O R D E R*

AND NOW, this 1st day of July, 2009, it is ordered that Booker's Motion for Extension of Time to File Notice of Appeal pursuant to Fed. R. App. 4(a)(5) is GRANTED. The Notice of Appeal filed June 5, 2009, (doc. 51) shall be considered timely filed.

                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge